Filed 11/17/20  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074920 |
| v. | (Super.Ct.No. RIF1801472) |
| JOSHUA FORD GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Bambi J. Moyer, Judge. Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joshua Ford Garcia pleaded guilty to four counts of sexual intercourse or sodomy with a person under 10, four counts of oral copulation with a person under 10, and eight counts of aggravated sexual assault of a child under 14. The court sentenced Garcia to 255 years to life.

Garcia appealed the judgment. His attorney filed a brief informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

I

FACTS

Based on evidence that Garcia repeatedly sexually assaulted his daughter Jane Doe from the time she was five years old until she was nine, the Riverside County District Attorney charged Garcia with four counts of sexual intercourse or sodomy with a child under 10 (Pen. Code, § 288.7, subd. (a), unlabeled statutory citations refer to this code), four counts of oral copulation with a child under 10 (§ 288.7, subd. (b)), and eight counts of aggravated sexual assault of a child under 14 (§ 269 subds. (a)(3) [sodomy] or (a)(4) [oral copulation]).

Garcia proceeded to a jury trial. Just before the sixth day of trial, and before he put on his defense, Garcia decided to plead guilty to all charges. The trial court sentenced him to 255 years to life, composed of three consecutive 25-year-to-life terms for the section 288.7, subdivision (a) convictions and 12 consecutive 15-year-to-life terms for the convictions under sections 288.7, subdivision (b), 269, subdivisions (a)(3) and (a)(4).

2

The court imposed one concurrent 25-year-to-life term for one of the section 288.7, subdivision (a) convictions.

II

ANALYSIS

We appointed counsel to represent Garcia on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record.

Counsel's brief raised two potential issues for our consideration: whether Garcia was properly advised that pleading guilty would waive his right to challenge any trial errors, and whether there were sentencing errors, for example, regarding the fines and fees imposed. We offered Garcia an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Garcia.

### III

### DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

4